## Commonwealth v. Hughes

*Thomas Arthur James, Jr.*, for petitioner.
*Gailey C. Keller*, for respondents.

MYERS, *P.J.*, May 23, 1978—Petitioner has filed a habeas corpus action in which she seeks to obtain custody of Cherish Shutta, a child purportedly adopted by petitioner in 1972.

Petitioner is the child's maternal grandmother. The natural mother of the child is Melanie Hughes, petitioner's daughter and one of defendant respondents herein.

The natural mother consented to the adoption, but she was only 17 years old at the time. Under the Act of July 24, 1970, P.L. 620, 1 Pa.C.S.A. §302, a mother under the age of 18 cannot consent to the adoption of her child unless a parent or guardian also consents.

In the present case, consent was given by Melanie Hughes' mother (petitioner herein) who was also the proposed adopting parent.

Defendant respondents argue that the purported adoption was invalid, since no guardian was appointed to represent the interests of the natural mother. In our view, defendant respondents' position is correct.

Similar facts were present in Sloan v. Wolf, 87 York 153, 154 (1974), in which the court stated:

"[The maternal grandmother] was the petitioner for adoption and thus in diametric conflict of interest with [the natural mother] concerning an intelligent consent to the adoption. Since [the natural mother] had no other guardian, it was incumbent upon us to have adopted a guardian pro hac vice or ad litem to represent her in what was one of the

most important decisions of her life: namely, the yielding of parental rights forever."

The reasoning set forth in Sloan v. Wolf is persuasive. In the present case, a guardian should have been appointed to represent the natural mother's interests. Since there was no guardian, the purported adoption was a nullity.

Accordingly, petitioner is without standing to maintain the present action. She has no right to custody of the child, and judgment must therefore be rendered in favor of defendant respondents.

## ORDER

And now, May 23, 1978, after hearing held, judgment is hereby entered in favor of defendant respondents (Alfred Hughes, Melanie Hughes, and Bernard W. Shutta) and against petitioner (Grace T. Fincher).